Jonathan G. Basham, OSB # 90038
Jonathan G. Basham, P.C.
745 NW Mt. Washington Drive, Suite 308
Bend, OR 97701
Telephone: (541) 385-0914
Facsimile:   (541) 385-0988
Email: jgbasham100@bendbroadband.com
   Attorney for Plaintiff

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Diane Harris,<br><br>      Debtor. | Case No. 10-41145-tmb7 |
| MICHAEL F. HERRICK,<br><br>      Plaintiff,<br> v.<br>DIANE HARRIS,<br>      Defendant. | Adv. Proc. No.  11-03104-tmb<br><br>**COMPLAINT OBJECTING TO DISCHARGE AND DISCHARGEABILITY**<br><br>(11 USC §§ 727(a)(2) and (4) and<br>11 USC § 523(a)(4)) |

Plaintiff Michael F. Herrick alleges as follows:

1.

This is a core proceeding objecting to the discharge of the debtor and the dischargeability of the debt the debtor owes to plaintiff.  This court has jurisdiction pursuant to 28 USC §§ 157(b)(2)(I) and (J) and 1334.  Venue is proper pursuant to 28 USC § 1409.

2.

Plaintiff is a creditor of Defendant in the above-referenced bankruptcy case.

**Page 1            COMPLAINT**

3.

Defendant filed the above-referenced bankruptcy case on November 26, 2010 (hereinafter the "Bankruptcy Case").

FOR HIS FIRST CLAIM FOR RELIEF
(11 USC § 727(a)(2))
(Transfer/Concealment to Hinder/Delay/Defraud Creditors)

4.

Plaintiff realleges paragraphs 1 through 3 above.

5.

Within one year before Defendant filed the Bankruptcy Case, Defendant transferred the following property:

a. One day before the Defendant signed her bankruptcy petition, she signed a deed to a bare lot in Yakima County, Washington ("Toppenish Property") transferring such property to her sister, Denise E. Lawrence. On November 30, 2010, Defendant signed the declaration concerning her bankruptcy schedules under penalty of perjury indicating that she still owned the Toppenish Property and that it had a value of $10,000.

b. Defendant's Thunderbird to Marlene Gorton. However, Ms. Gorton is disabled and unable to drive.

6.

On December 20, 2010, <u>twenty-four days after filing the Bankruptcy Case</u>, Defendant recorded the deed in Yakima County, finalizing the transfer of the Toppenish Property to her sister post-petition without the knowledge or consent of the bankruptcy trustee.

7.

At the time Defendant made such transfers, Defendant was aware that she owed money to creditors, including the debt owed to Plaintiff. Defendant made such transfers with intent to hinder, delay and/or defraud her creditors from being able to collect the sums Defendant owed to them. As a result, Defendant should be denied a discharge in this Bankruptcy Case pursuant to 11 USC § 727(a)(2).

Page 2     COMPLAINT

JONATHAN G. BASHAM, P.C.
ATTORNEY AT LAW
745 NW Mt. Washington Drive, Suite 308, Bend, Oregon 97701 (541) 385-0914

**FOR HIS SECOND CLAIM FOR RELIEF**
(11 USC § 727(a)(4))
(Knowing and Fraudulent False Oath or Account)

8.

Plaintiff realleges paragraphs 1 through 3, and 5 above.

9.

Defendant, in connection with the Bankruptcy Case, declared under penalty of perjury that the schedules she filed in the Bankruptcy Case were true and correct under penalty of perjury. In fact, such schedules were materially false in the following respects:

a. Defendant had a Scottrade Account with an approximate balance of $22,300 at the time she filed the Bankruptcy Case. Defendant failed to list that asset in Schedule B of her bankruptcy petition.

b. Defendant stated in schedule A of her bankruptcy petition that she still owned the Toppenish Property. In fact, she had transferred such property to her sister purportedly for $7,000 the day before Defendant signed her bankruptcy petition.

c. On information and belief, Plaintiff alleges that Defendant omitted rental income in schedule I of her bankruptcy petition.

d. Defendant lumped her residence at 17179 Milky Way Rd, Bend, Oregon ("Residence") with a separate bare lot with its own separate legal description and tax account located at 17173 Milky Way Rd, Bend, Oregon ("Bare Lot") on Schedules A and D, indicating that both properties were encumbered by Indymac Mortgage Svcs, when in fact Indymac Mortgage Svcs only has a lien on the Residence and not the Bare Lot.

e. Defendant listed Plaintiff's claim on Schedule F of her petition as an unsecured claim when in fact Defendant knew Plaintiff had a judgment against Defendant that was a lien against both the Residence and the Bare Lot.

f. Defendant significantly overstated the amount she owes Indymac Mortgage Svcs to give the false impression she has no equity in the Residence.

10.

Defendant, in connection with the Bankruptcy Case, declared under penalty of perjury that the statement of financial affairs she filed in the Bankruptcy Case were true and correct under penalty of perjury. In fact, such statement of financial affairs were materially false in the following respects:

Page 3    COMPLAINT

a. Defendant willfully failed to disclose the transfer of the Toppenish Property to her sister.

b. Defendant willfully failed to list any income from the sale of the Thunderbird or the sale of the Toppenish Property in response to Question 2 in the Statement of Financial Affairs.

c. Defendant willfully failed to disclose income she derived through misappropriation of funds from the Estate of Michael G. Herrick, Deschutes County Circuit Court Case No. 08-PB-0029-AB ("Probate Case") in response to Question 2 in the Statement of Financial Affairs.

d. Defendant deliberately failed to disclose income from her business known as Lincicome Madras Development, LLC in response to Question 2 in the Statement of Financial Affairs.

e. Defendant falsely stated in response to Question 18 of the Statement of Financial Affairs that she was not an officer, director, partner or managing executive of a corporation, or partner in a partnership within six years before she filed the Bankruptcy Case nor that she owned 5 percent or more of the voting or equity securities of any business within six years before she filed the Bankruptcy Case. In fact, Defendant had a management/ownership interest in Lincicome Madras Development, LLC up until June of 2010.

f. Defendant falsely stated in response to Question 19(d) of the Statement of Financial Affairs that she had not issued a financial statement to any of her creditors. In fact, Defendant issued a financial statement to Plaintiff in April of 2010.

11.

Defendant, in connection with the Bankruptcy Case, declared under penalty of perjury that the Chapter 7 Statement of Current Monthly Income and Means-Test Calculation ("Means Test") she filed in the Bankruptcy Case was true and correct under penalty of perjury. In fact, such Means Test was materially false in that Defendant indicated falsely that her debts were not primarily consumer debts. Defendant made such statement willfully and intentionally because she knew that an irrefutable presumption of abuse would have arisen under the Means Test had she filled it out.

12.

Defendant, in connection with the Bankruptcy Case, testified untruthfully under penalty of perjury at the meeting of creditors held on January 5, 2011 that Defendant transferred the

Page 4     COMPLAINT

JONATHAN G. BASHAM, P.C.
ATTORNEY AT LAW
745 NW Mt. Washington Drive, Suite 308, Bend, Oregon 97701  (541) 385-0914

Toppenish Property to her sister in October of 2010.

13.

Defendant made the foregoing oaths knowing such oaths were false in an effort to defraud the creditors of the estate, the trustee administering the Bankruptcy Case, and the Bankruptcy Court. As a result, Defendant should be denied a discharge in the Bankruptcy Case pursuant to 11 USC § 727(a)(4)(A).

FOR HIS FOURTH CLAIM FOR RELIEF
(11 USC § 523(a)(4)
(Exception to Discharge)

14.

Plaintiff realleges paragraphs 1 through 3, and 5 above.

15.

Defendant occupied a position of trust with respect to Michael G. Herrick to the extent that he appointed her as the executor of his estate in his last will and testament. As a result, Defendant was appointed as executor in the Probate Case. As such, Defendant acted as a fiduciary with respect to the estate of Michael G. Herrick (the "Probate Estate") and the beneficiaries of his estate.

16.

Contrary to her fiduciary duties, Defendant intentionally and fraudulently engaged in a pattern of self-dealing and reckless investments to the detriment of the Probate Estate and attempted to conceal such conduct from the Court administering the Probate Case and the beneficiaries of the Probate Estate. Such self-dealing included accepting rent on behalf of the estate, but not accounting for all of such rent, investing large sums of the estate's assets in very risky companies without professional advice.

17.

Defendant's self-dealing and reckless investing constituted unauthorized appropriation of the Probate Estate's property.

Page 5        COMPLAINT

18.

The Court administering the Probate Case entered a judgment against Defendant on June 7, 2010 in favor of the Probate Estate in the amount of $209,003.00, plus attorney's fees in the amount of $42,174.63, plus costs in the amount of $2,619.99 with interest thereon at the rate of 9% per annum from the entry of judgment until paid. Such judgment was assigned by the Successor Personal Representative of the Probate Estate to Plaintiff, Jeffrey A. Herrick, Shriners Childrens Hospital, and Deschutes County Salvation Army. Deschutes County Salvation Army subsequently assigned its portion of the judgment equally to Plaintiff and Jeffrey A. Herrick. As a result, Plaintiff owns 45.375% of the judgment, Jeffrey A. Herrick owns 45.375% of the judgment, and Shriners Childrens Hospital owns 5.25% of the judgment.

19.

As a result of Defendant's conduct, the judgment entered in the Probate Case should be excepted from the Debtor's discharge under 11 USC § 523(a)(4).

WHEREFORE, plaintiff prays for judgment as follows:

1. For a judgment denying Defendant a discharge in the Bankruptcy Case.

2. Alternatively, for a judgment excepting the judgment entered in the Probate Case against Defendant on June 7, 2010 excepted from the Defendant's discharge.

3. For a judgment in favor of Plaintiff for Plaintiff's costs and disbursements incurred herein.

4. For such further relief in Plaintiff's favor as this court deems just and equitable.

DATED this 21st day of February, 2011.

                                    /s/ Jonathan G. Basham
                                    Jonathan G. Basham, OSB #90038
                                    Attorney for Plaintiff

Page 6        COMPLAINT